IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT ADAM BITTER                              Case No. 6:15-cv-00396-MA

                  Petitioner,                    OPINION AND ORDER

    v.

JEFF PREMO,

                  Respondent.

KRISTINA S. HELLMAN
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

       Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

       Attorney for Respondent

1 - OPINION AND ORDER

MARSH, Judge

Petitioner Scott Adam Bitter, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner contends that trial counsel rendered ineffective assistance by submitting a plea offer that contained both a sentence he hoped to receive (225 months) and the maximum sentence to which he would agree (300 months). For the reasons set forth below, the petition is denied.

## BACKGROUND

On July 26, 2007, petitioner asked his wife Kyre Bitter to take a walk with him because he needed to tell her something that he knew would make her mad. He told Kyre that three days earlier, he had kissed his step-daughter on the neck and lips. When Kyre asked petitioner whether he had engaged in any other sexual abuse, petitioner denied having done so. Several days later, Kyre and petitioner met with church elders. At that meeting, petitioner admitted to multiple incidents of molesting his step-daughter, three biological daughters, his wife's niece, and a daughter's friend. After meeting with church elders, Kyre contacted law enforcement.

On August 5, 2007, petitioner was arrested on one count of first degree sodomy (Count 1) and six counts of first degree sexual abuse (Counts 2-7). Police confiscated petitioner's handwritten journals, computers, computer discs, and a handwritten note authored by his step-daughter. Resp. Ex. 121 at 2-3. During the trial proceedings, petitioner was represented by retained counsel, Vincent Deguc. Resp. Ex. 124.

On November 6, 2007, Washington County Deputy District Attorney Andrew R. Erwin, extended a plea offer to petitioner, where petitioner would plead guilty to one count of first degree sodomy and two counts of first degree sexual abuse with a proposed sentence of 300 months. Resp.

Ex. 127. Petitioner did not accept that offer. On November 15, 2007, Mr. Deguc sent a fax to Mr.

Erwin indicating that petitioner would accept a plea in the range of 150 to 225 months. Resp. Ex.

117. On November 18, 2007, Mr. Deguc sent a fax to Mr. Erwin containing the following:

> I advised [petitioner] that you opposed a reset and that there would be no change in
> the plea offer. However, I am authorized to make the following change of the plea
> offer to which [petitioner] would agree to plea. [Petitioner] has authorized me to
> offer a plea to three Sex Abuse I, consecutive for a total of 225 months; the counts
> to plea would be Counts 5, 6, and 7. If this amount of time is not sufficient, I am
> authorized to offer a plea to four Sex Abuse I, consecutive for a total of 300 months;
> the counts to plea would be Counts 2, 5, 6, and 7.

Resp. Ex. 128 at 1.

Petitioner ultimately pleaded guilty to Counts 2 through 5 and was sentenced to 75 months

on each count to run consecutively for a total of 300 months incarceration. Resp. Ex. 101, 104.

Counts 1, 6 and 7 were dismissed.

Petitioner directly appealed his conviction. The Oregon Court of Appeals affirmed without

opinion, and petitioner did not seek review from the Oregon Supreme Court. Resp. Exs. 105, 106.

Petitioner subsequently sought post-conviction relief ("PCR"). Counsel filed a formal petition, and

petitioner submitted supplemental *pro se* claims, including an allegation that trial counsel rendered

ineffective assistance for communicating to the prosecutor that he would "agree to 225 and 300

months in the same fax transmittal." Resp. Ex. 145 at 3.

As part of the PCR proceedings, Mr. Deguc submitted an affidavit in which he stated in

relevant part:

> 3. On November 2, 2007, before the first plea offer, I had a conference with the
> assigned Deputy District Attorney (DDA) to discuss possible plea arrangements. On
> November 5, 2007, I met with [petitioner] for approximately three hours. We
> discussed possible outcomes of the case in terms of both plea deals and trial,
> potential problems with the State and defense cases, the progress of our investigation

3 - OPINION AND ORDER

(including usable witness testimony, investigator feedback as well as I did not have my investigator draft a report because there would have been nothing helpful in the report), the unlikely chance of a favorable outcome at trial, etc. We specifically discussed that Count 1 by itself was subject to a mandatory 300 month sentence . . . . I went through the reports, documentation, and redacted discovery with [petitioner] line by line. I also explained that I expected a State offer of 300 months. [Petitioner] ultimately instructed me to continue pursuing a plea deal with the DDA.

4. The November 6, 2007 plea offer from the State came as no surprise to either me or [petitioner]. . . . [Petitioner] expressed understanding that we could probably win on counts 2, 3, and 4 at trial, but that he was at risk of conviction on counts 1, 5, 6 and 7. We discussed that such a result would leave him vulnerable to a sentence in excess of 300 months as the court could give consecutive sentences for separate victims. . . . By the time of the November 6, 2007 plea offer, [petitioner] had decided that a 300 month total sentence was acceptable. . . .

        . . . .

6. On November 18, 2007, I met with [petitioner] for approximately 2 ½ hours. . . . I was authorized to submit a counter offer to the DDA that [petitioner] would accept. The offer was to contained both a 225 months sentence (*sic*) with pleas to counts 5, 6, and 7 and a 300 month sentence with pleas to counts 2, 5, 6, and 7 that avoided a Class A felony conviction at the same time. [Petitioner] wanted this dual offer to demonstrate to the DDA he was earnest about admitting his guilt.

Resp. Ex. 132 at 2-3.

On April 18, 2013, the PCR court conducted a hearing. The PCR court denied petitioner's petition, including specifically that: "I don't find [petitioner's] statement here or his testimony today credible at all. I find Mr. Deguc's statements about what happened to be far more credible." Resp. Ex. 133 at 38. Additionally, the PCR court made written findings and conclusions in the judgment denying post-conviction relief:

Counsel for Petitioner is correct that the counter-offer of settlement undermined the lesser amount discussed, but there is no proof or reason to believe that the State was ever going to budge from its demand for 300 months. Therefore, even if the way the counter offer was presented would be error, there is no proof that the outcome was adversely affected.

4 - OPINION AND ORDER

Resp. Ex. 134 at 3.

Petitioner appealed the PCR court decision. The state moved for summary affirmance, which the Oregon Court of Appeals granted:

> To demonstrate prejudice in this case, petitioner must show that there is a reasonable probability that the prosecutor would have accepted a more favorable plea agreement but for trial counsel's alleged deficient performance. Prejudice is a legal question, but there must be facts to support the legal position; if there are no facts to support petitioner's position, then petitioner does not present a substantial question of law. Petitioner does not present any evidence that the prosecutor would have accepted a plea agreement of less than 300 months.

Resp. Ex. 139. The Oregon Supreme Court denied review. Resp. Ex. 141.

On March 9, 2015, petitioner filed his current habeas corpus petition in which he alleges one ground of ineffective assistance of trial counsel, with multiple subparts. ECF No. 1.

## DISCUSSION

### I.   Ineffective Assistance of Counsel

In Ground One, subpart eight,[1] petitioner argues that trial counsel provided ineffective assistance during plea negotiations by submitting a written counter offer to the prosecutor providing that petitioner would agree to a 225 month aggregate sentence, or alternatively, a 300 month aggregate sentence. Respondent contends the Oregon Court of Appeals reasonably concluded that petitioner failed to demonstrate prejudice and habeas relief should be denied. Respondent is correct.

### A.   Standards

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was: (1) "contrary to, or involved an unreasonable application of, clearly

---

[1] In Ground One, petitioner alleges multiple claims of ineffective assistance of trial counsel. For ease of analysis, I refer to each sentence in Ground One as a separate subpart.

established Federal law as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly. Instead, the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)) (additional internal quotation omitted). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Additionally, deference must be provided to state court factual findings under § 2254(d)(2). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting

6 - OPINION AND ORDER

the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The last reasoned decision by the state court is the basis for review by the federal court. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015).   The decision of the Oregon Court of Appeals is the basis for review in the instant proceeding.

A criminal defendant has a constitutional right to the effective assistance of counsel during the plea bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012).   It is well settled that the two-part *Strickland v. Washington* test applies to claims of ineffective assistance during the plea process. *Id.*   Under *Strickland*, a habeas petitioner must prove that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010); *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002).   To establish *Strickland* prejudice in the context of pleas, "a [petitioner] must show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S.Ct. at 1384-85 (citing *Missouri v. Frye*, 132 S.Ct. 1399, 1410 (2012) (additional citations omitted)).

7 - OPINION AND ORDER

It is unnecessary to address both *Strickland* requirements if the petitioner makes an insufficient showing on one. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

Lastly, overcoming *Strickland's* high bar is a difficult task. *Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012); *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). In addressing ineffective assistance claims under § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) ("The state court's application of clearly established federal law must be objectively unreasonable[,]" not simply "incorrect or erroneous."). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal citations and quotations omitted).

B.    **Analysis**

Petitioner contends that Mr. Deguc's actions in conveying both the counter offer of 225 and 300 months in the same fax transmittal ensured that the 225-month offer would be rejected. Petitioner argues that but for counsel's deficient performance, there is a reasonable probability that he and the prosecutor could have reached a resolution for less than 300 months. The Oregon Court of Appeals concluded that petitioner did "not present any evidence that the prosecutor would have

accepted a plea agreement of less than 300 months." Resp. Ex. 139 at 1. Petitioner submits that this factual finding is unreasonable.

A state court's factual findings are entitled to a presumption of correctness absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Because petitioner does not present any new evidence in this proceeding, the state court's factual findings are presumed correct. *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). Thus, to prevail, petitioner must demonstrate that the Oregon Court of Appeal's rejection of this claim is objectively unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Miller-El*, 537 U.S. at 340; *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.").

Petitioner argues that had Mr. Deguc proposed reaching 225 months in a way that addressed the prosecutor's goal of having one count of conviction per victim, the state would have agreed to a sentence of less than 300 months. Petitioner's assertion is wholly unsupported. Petitioner has not submitted any independent evidence demonstrating that the prosecutor would have agreed to a sentence of less than 300 months. *Turner*, 281 F.3d at 881 (finding a prisoner's self-serving statement that counsel did not properly advise him about potential for death penalty alone insufficient to establish prejudice under *Strickland*); *Castillo v. Long*, No. CV 12-04318-VBF (RNB), 2013 WL 1182943, *13 (C.D. Cal. Jan. 9, 2013) (finding petitioner failed to demonstrate a reasonable probability that prosecutor would have accepted his five-year plea counteroffer; state court's rejection of ineffective assistance of counsel claim not objectively unreasonable).

To the contrary, the evidence in the record shows that petitioner faced a 300-month mandatory sentence on Count 1 alone, and that Mr. Deguc believed a conviction on Count 1 was likely. Additionally, the PCR court credited Mr. Deguc's affidavit in which he described that he expected the prosecutor to seek a 300-month plea. Moreover, the correspondence between Mr. Deguc and the prosecutor reveals that the prosecutor rejected petitioner's initial plea counter-offer of up to 225 months prior to receiving the fax transmittal containing the offers of 225 and 300 months and that the prosecutor was prepared to proceed to trial. Therefore, based on this record, I cannot conclude that the Oregon Court of Appeal's finding that petitioner failed to present any evidence that the prosecutor would have accepted a plea of less than 300 months was objectively unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

Finally, the Oregon Court of Appeal's rejection of his ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of *Strickland*. 28 U.S.C. § 2254(d)(1). For the reasons discussed above, the state court reasonably determined that petitioner did not demonstrate a reasonable probability that, but for counsel's error, his plea negotiations would have resulted in sentence of less than 300 months. Therefore, petitioner has failed to show that the state court's rejection of this claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## II.    <u>Unargued Claims</u>

Petitioner does not provide argument to support the remaining subparts of Ground One alleged in his petition. Additionally, petitioner does not attempt to refute respondent's argument that these claims do not entitle him to habeas corpus relief. Petitioner has failed to sustain his burden of

demonstrating why he is entitled to relief on his unargued claims – Ground One, subparts one through seven. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (petitioner bears burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same). Nevertheless, I have reviewed petitioner's unargued claims on the existing record and find that they do not entitle him to habeas corpus relief.

**CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (ECF No. 1) is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _10_ day of FEBRUARY, 2016.

Malcolm F. Marsh
United States District Judge